**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERIN O'CALLAGHAN, VERONICA SHEPP, KATHERINE LORENZ, ANNE KIRKNER, SARAH MALONE, and MARLEE FRY | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, *et al.*, | ) ) ) | |
| Defendants. | ) ) | Case No. 19-CV-6271 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | ) | Judge John J. Tharp |
| PAUL SCHEWE, | ) | Magistrate Judge Weisman |
| Counter-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ERIN O'CALLAGHAN, | ) ) | |
| Counter-Defendant. | ) | |

## <u>DECLARATION OF ELVIS D. GONZALEZ</u>

Pursuant to 28 U.S.C.A. §1746, the undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1. I am over eighteen years of age and a citizen of the state of Illinois. I have personal knowledge of the facts stated herein and if called as a witness could competently testify to such facts.

2. I am an attorney of record in the above-entitled cause for Defendant/Counter-Plaintiff, Paul Schewe ("Schewe").

3. On December 10, 2021, I and my co-counsel, Nicholas Lewis, participated in a LR37.2 conference with Plaintiffs' counsel, Michael Fradin. During the course of that conference, we discussed various deficiencies in Plaintiffs' document production, including, *inter alia*, the lack of communications between the Plaintiffs since Plaintiffs had only produced a Facebook group chat and limited, selective direct text communications between Plaintiffs, Sarah Malone and Erin O'Callaghan.

4.     In response to our concerns, Mr. Fradin represented in words or substance that Plaintiffs were searching for, and would produce, additional responsive documents, but that he did not anticipate substantially more documents from Plaintiffs.  He further committed to advising Schewe's counsel of further responsive documents by January 14, 2022.

5.     Following our conference, I transmitted an e-mail to Mr. Fradin, a true and accurate copy of which is attached hereto as Exhibit 1. Mr. Fradin responded to my e-mail by stating he would need until the end of the following week to advise whether Plaintiffs possessed additional income documents because I had identified five returns in my e-mail that we had not discussed on the telephone call.  He further advised that he would need to discuss the issue of IRS authorizations with his co-counsel.

6.     I also participated in a subsequent telephonic discovery conference on January 21, 2022 with counsel for Plaintiffs, Annie Alonso, concerning issues raised in a Motion to Compel we had filed.  At that time, Ms. Alonso and I specifically discussed direct communications between the Plaintiffs, including text messages and e-mails.  During the conference, Ms. Alonso represented to me that Plaintiffs maintained they did not possess further meaningful documents, but would search for, and produce, any additional responsive material.  I stated in words or substance that it was not credible that Plaintiffs had not been communicating electronically about topics identified in Schewe's Requests to Produce Nos. 9 and 10.   Ms. Alonso reiterated she would seek any responsive material from Plaintiffs, and produce any such documents by February 1, 2022 to permit time for a review before the scheduled depositions.

7.     Following the conference, I transmitted an e-mail, a true and accurate copy of which is attached hereto as Exhibit 2.  Plaintiffs' counsel did not respond to my e-mail.

8.     Attached hereto as Group Exhibit 3 are true and accurate excerpts from documents produced by Plaintiffs from February 16, 2022 through February 21, 2022.

9.     On January 24, 2022, Ms. Alonso transmitted an e-mail to me in which Plaintiffs produced 16 pages comprised of seven emails, and a one-page document attachment.  In her e-mail, Ms. Alonso stated the following:

I have talked to our clients and here is the summation:

1. Erin hasn't written her dissertation yet, so she doesn't have that.
2. She doesn't know who to contact for the podcast or the blog
3. No one has any further mental health records. For releases, do you have one you want them to sign? We use a specific one for our firm, and I know many firms have their own, so just let me know.
4. We object to the FERPA release to U of Cincy
5. I have included to this email more emails from Veronica and Anne with Ms. Palmer and a lawyer from the school.
6. I again asked about emails/texts between the parties, and I have been told that some of the clients don't have those phones, so they don't have those texts. I have asked the others to do another search and I will keep you posted.

10. On February 16, 2022, I received correspondence from Julie Porter, counsel for Co-Defendant, The Board of Trustees of the University of Illinois, a true and accurate copy of which is attached hereto as Exhibit 4.

FURTHER AFFIANT SAYETH NAUGHT


/s/ Elvis D. Gonzalez_____

March 4, 2022                          ELVIS D. GONZALEZ


Elvis D. Gonzalez (ARDC NO. 6280115)
egonzalez@elvisgonzalezltd.com
ELVIS GONZALEZ, LTD.
233 South Wacker Drive, Suite 6149
Chicago, Illinois 60606
312-558-9779 x101

Nicholas E. Lewis (admitted *Pro Hac Vice*)
nlewis@nmlllplaw.com
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
(213) 736-4500
*Counsel for Defendant/Counter-Plaintiff*

# EXHIBIT

# A-1

**Subject:** Re: O'Callaghan, et al. v. University, et al LR 37.2 Le er
**From:** "egonzalez elvisgonzalezltd.com" <egonzalez@elvisgonzalezltd.com>
**Date:** 12/10/2021, 4:47 PM
**To:** Mike Fradin <mike@fradinlaw.com>
**CC:** nlewis@nmllplaw.com

Hi Mike-

To confirm our conversation, you have asked your clients to look for additional documents responsive to Requests to Produce Numbers 5, 6, 7, 8, 9, and 10, and will advise us by January 14 of additional responsive documents.  To be clear, this includes not only materials within their possession, but also within their control, which obviously means having the legal right to obtain documents on demand.  We also wish to remind your clients of their obligations to conduct a diligent and thorough search for responsive material as it is not our obligation to identify every potentially responsive article or document.

Separately, I've looked at the income documents, and here's what we're missing:

Kirkner 18 and 20, Malone 18, Fry 19 and 20, Lorenz 15, 18, 19, and 20.  You have agreed to let us know by Tuesday of next week if your clients have possession of additional documents showing income for the years requested.  If they do not, you will furnish us with authorizations to permit us to obtain the returns from the IRS.

If this does not accurately reflect the substance of our conversation, please let us know.

Thanks for your time, and have a good weekend.

EDG

> On December 9, 2021 11:23 AM Mike Fradin <mike@fradinlaw.com> wrote:
>
>
> Hi Elvis,
>
> I responded but it appeared to have bounced back. I can talk at 3:15 CT.  Please confirm.
>
> Michael L. Fradin, A orney at Law
> 8 N. Court St. Suite 403
> Athens, Ohio 45701
>
> 8401 Crawford Ave. Suite 104
> Skokie, IL 60076
> P: 847-986-5889
> F: 847-673-1228

On Dec 9, 2021, at 12:19 PM, egonzalez elvisgonzalezltd.com <egonzalez@elvisgonzalezltd.com> wrote:

Hi Mike-

Following up on this call time tomorrow.  Please let us know what works for you.

> On December 7, 2021 9:14 AM egonzalez elvisgonzalezltd.com
> <egonzalez@elvisgonzalezltd.com> wrote:

Yes, Nick and I are free any time after 3:15 pm CST.

>> On December 7, 2021 8:37 AM Mike Fradin <mike@fradinlaw.com> wrote:

Hi Elvis,

Are you available for a call Friday afternoon?

Michael L. Fradin, Attorney at Law
8 N. Court St. Suite 403
Athens, Ohio 45701

8401 Crawford Ave. Suite 104
Skokie, IL 60076
P: 847-986-5889
F: 847-673-1228

# EXHIBIT

# A-2

# EXHIBIT

# A-2

**Subject:** Re: O'Callaghan supplemental produc on
**From:** Elvis Gonzalez <egonzalez@elvisgonzalezltd.com>
**Date:** 1/21/2022, 2:00 PM
**To:** Annie Alonso <annie@sllawfirm.com>
**CC:** Mike Fradin <mike@fradinlaw.com>, "Nicholas E. Lewis" <nlewis@nmllplaw.com>, Jonathan Li le <jon@sllawfirm.com>

Thanks for the time today, Annie. To confirm our conversation, you will check with Ms. O'Callaghan as to whether she can obtain access to the "Grass Gets Greener" podcast and her "Voice for the Innocent" blog posts, as well as obtaining her dissertation. One item I overlooked on our call is your client's panel discussion with the Women's Leadership Resource Center at UIC. I would ask that you also check with her to confirm she has no documents or emails exchanged with those organizers.

You will also ask your clients about additional texts with one another to confirm they don't possess any additional messages, as well as asking Ms. O'Callaghan about additional emails with Ms. Palmer. You will also provide us the carrier and phone numbers for each plaintiff. You have agreed to produce any further supplemental documents by February 1.

As to any additional mental health or tax records not already produced, you have agreed to furnish us with releases, and we will obtain them from third parties. As to the Univ. of Cincinnati Title IX office, you are going to check with your colleagues as to whether Mr. O'Callaghan will agree to furnish a FERPA release.

For any material received from third parties after depositions next month, we have agreed to continue plaintiffs' depositions for the limited purpose of examining them on matters raised by any documents we obtain in the future.

If this doesn't accurately reflect our discussion, please let me know. Have a nice weekend.


> On January 21, 2022 10:14 AM Annie Alonso <annie@sllawfirm.com> wrote:
>
> ███████
>
> Sent from my iPhone

>> On Jan 21, 2022, at 7:44 AM, Elvis Gonzalez <egonzalez@elvisgonzalezltd.com> wrote:
>>
>> Yes, that works. What number should I call?
>>
>> EDG
>> Sent from my BlackBerry — the most secure mobile device

# EXHIBIT

# A-3











# EXHIBIT

# A-4



SALVATORE
PRESCOTT
PORTER
& PORTER

Employment | Civil Rights | Business Litigation
Criminal Defense | Investigations

**Detroit**
105 East Main Street    P: 248.679.8711
Northville, MI 48167    F: 248.773.7280

**Chicago**
1010 Davis Street    P: 312.283.5711
Evanston, IL 60201    F: 312.724.8353
                      W: sppplaw.com

February 16, 2022

BY EMAIL
Annie Alonso (annie@sllawfirm.com)
Jonathan Little (jon@sllawfirm.com)
Michael Fradin (mike@fradinlaw.com)

Re:    *O'Callaghan, et al. v. The Board of Trustees of the University of Illinois, et al.,* Case No. 19-cv-06271 (N.D. Illinois);
Discovery responses regarding Plaintiffs' communications and Plaintiffs' improper claim of "co-plaintiff privilege"

Counsel,

We are writing to follow up on the depositions of plaintiffs that have been completed as of February 15, 2022, specifically regarding their responses concerning additional communication between plaintiffs as well as Mr. Fradin's improper instruction to the witnesses not to answer based on a claimed "co-plaintiff privilege."

<u>Document Request for Plaintiffs' Communications</u>

In Defendant the Board of Trustees of the University of Illinois's document requests, we made the following requests for plaintiffs' communications and received the following responses:

**Document Request 15**. All documents and/or communications between or among Plaintiffs and/or any third parties concerning the University investigations into the Plaintiffs' complaints.
**RESPONSE**: Please see already produced documentation, including the Facebook Group of the Plaintiffs.

**Document Request 17.** All phone, text message, email, social media, and/or any other communications or documents between or among Plaintiffs between July 1, 2016 and September 19, 2019.
**RESPONSE**: Please see produced Facebook messages. Plaintiffs have no further responsive documentation.

These responses do not disclose that communications exist and that plaintiffs are withholding them based on any sort of privilege. Nor did plaintiffs produce a



privilege log identifying any communications withheld as privileged. Nor do these responses include any specific objections to the requested documents. Rather, the responses to Document Requests No. 15 and 17 indicate that plaintiffs have produced all documentation that is responsive to the request. Plaintiffs' deposition testimony, however, indicates that these responses are not complete and accurate.

For example, in her deposition on February 15, 2022, Veronica Shepp testified ███████████████████████████████████████████████████████. Shepp rough Tr. at 82 ("███████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ *see also* Fry Tr. at 81-82 (████████████████████████████████████████████).[1] This documentation was not produced in response to our request for production. No objection was made stating that counsel was withholding such documentation on the basis of any claimed privilege nor was a privilege log produced cataloging the communication and claim of privilege.

We have received Ms. Alonso's email at 4:35pm CST on February 15, newly producing 2,767 pages of emails between plaintiffs.[2] We request that you supplement your production of emails to include phone, text message, and social media communications between plaintiffs as requested in Document Requests No. 15 and 17, produce a privilege log for any documents that are being withheld on the basis of any claimed privilege. Once we receive your supplemental productions, we will review and determine if we need to request additional time to question any of the plaintiffs.

Additionally, in her deposition on February 15, 2022, Veronica Shepp testified ███████████████████████████████████████████████████████ ████████████████████████████. We request that you produce the bills supporting this claim for damages, ████████████████████████████. We also request that you produce the entirety of the intake report for Ms. Shepp's intake visit to UIC counseling services. The single page previously produced, O'Callaghan002290, was Exhibit 17 to Ms. Shepp's deposition. Ms. Shepp testified ████████████████ ██████████.

---

[1] We are still awaiting the transcripts (including the rough versions) from the depositions of Sarah Malone and Anne Kirkner.

[2] Ms. Alonso's February 15 email accompanying the recently produced documents states, "Also, we do not intend to waive privilege on any of these documents; such disclosure is inadvertent." Please confirm that you have reviewed these documents prior to production and withheld any privileged documents, and that you are not relying on Defendant the Board of Trustees' counsel to identify and isolate privileged documents.



Improper Instruction Not to Answer Based on "Co-Plaintiff Privilege"

In the depositions of Ms. Malone, Ms. Kirkner, Ms. Fry, and Ms. Shepp, Mr. Fradin ███████████████████████████████████████████████████████ ███████████████████ Even after Ms. Porter or I ██████████████████ ███████████████████████████████████████████████████████ ██████ *See, e.g.,*



Fry Dep. Tr. at 82:7-19. In each deposition, ██████████████████████ ██████████████████████████. Ms. Porter followed up in an email on February 14, outlining our objection to the instruction and the claim of privilege.

In response and in support of plaintiffs' assertion of a "co-plaintiff privilege," Ms. Alonso forwarded the case *Diamond Services Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.*, No. 19 C 7675, 2021 WL 1165091 (N.D. Ill. Mar. 26, 2021) on February 15. Ms. Alonso did not explain how *Diamond Services* supports plaintiffs' asserted privilege claim, other than by stating, "While we are calling it co-plaintiff privilege, what we mean is the 'common interest' privilege."

The common-interest doctrine "generally involves individuals represented by separate counsel, not, as here, by the same lawyer." *McCullough v. Fraternal Ord. of Police, Chicago Lodge 7*, 304 F.R.D. 232, 239 (N.D. Ill. 2014). The doctrine is not actually a privilege, "it is an exception to the general and familiar rule of waiver, which obtains when a client communicates with his attorney in the presence of a third person or shares privileged communications with a third party." *Id.* "[T]o be eligible for continued protection, the communication must be shared with the *attorney* of the member of the community of interest." *Id.* (quoting *In re Teleglobe Communications Corp.*, 493 F.3d 345, 364 (3d Cir. 2007)).



Page 4

*Diamond Services*, the case plaintiffs cite, does not support plaintiffs' claim. It explains that the common-interest doctrine only applies to information that is attorney-client privileged, and functions to prevent waiver of privilege by inclusion of a third party who shares the privilege. "**If plaintiffs cannot establish that the redacted language is privileged or protected from disclosure in the first place, the common-interest doctrine does not come into play**." *Diamond Services*, 2021 WL 1165091 at \*3 (emphasis added). Indeed, in *Diamond Services*, the court rejected plaintiffs' claim of privilege, and granted defendant's motion to compel. *Id.* at \*5.

The common-interest doctrine does not make privileged *any communication* that plaintiffs had with each other after they retained counsel. Plaintiffs first must establish that a communication is protected by attorney-client or work-product privilege; only then could the common-interest doctrine apply to protect the privilege from being waived. *McCullough*, 304 F.R.D. at 240 ("Unless the party asserting the 'common interest' establishes that the withheld communications or documents were otherwise privileged, the 'common interest' doctrine does not come into play."). And even then, those sharing a common interest "are not free to share recollections and pool information on their own without losing the protections of the doctrine …C]ommunications between those claiming a common interest in a matter **will not escape the waiver doctrine if they occurred in the absence of an attorney or were not directed by an attorney**." *Id.* at 239 (emphasis added).

Plaintiffs have not even attempted to establish that the communications they were asked about in their depositions were privileged; the common-interest doctrine does not apply. Mr. Fradin's instruction to the witnesses not to answer any questions about communication they had with each other, after we clarified, repeatedly, that we were not seeking any information regarding privileged communications with counsel, was improper.

Moreover, even for communications with counsel, we are entitled to ask regarding the circumstances of plaintiffs' communications—whether they occurred, when, and how. Such information is no more than would be provided on a privilege log, if plaintiffs are claiming that the substance of the communications is privileged. If plaintiffs' counsel persists in improperly instructing witnesses not to answer whether they engaged in communications with other plaintiffs, and the dates and modes of such communications, we will raise the issue with the Court once we receive deposition transcripts, and we will seek our fees and costs in making the motion and in having the witnesses return for further questioning.



Page 5

Regards,
SALVATORE PRESCOTT PORTER & PORTER


/s/ Sarah L. Bakker
Sarah L. Bakker

CC:  Elvis Gonzalez
     Nicholas Lewis