**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ERIN O'CALLAGHAN, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | **Case No. 19 C 06271** |
| **v.** ) | |
| ) | **Magistrate Judge M. David Weisman** |
| **THE BOARD OF TRUSTEES OF THE** ) | |
| **UNIVERSITY OF ILLINOIS, et al.** ) | |
| ) | |
|     **Defendants.** | |

**ORDER**

    The case is before the Court on Defendant/Counter-Plaintiff Paul Schewe's ("Schewe") Motion for Sanctions [86], and Defendant The Board of Trustees of the University of Illinois's ("UIC") Joinder in Motion for Sanctions [88] against plaintiffs Erin O'Callaghan, Kathryn Lorenz, Anne Kirkner, Veronica Shepp, Marlee Fry, and Sarah Malone (collectively, "plaintiffs"). The defendants bring these motions pursuant to Federal Rule of Civil Procedure ("Rule") 37(b) for plaintiffs' alleged violation of the Court's January 24, 2022 Order, and Rule 30(d)(2) for plaintiffs' conduct UIC claims frustrated the fair examination of the deponents. For the reasons set forth below, the Court grants in part and denies in part the defendants' motions for sanction.

**Background**

    Schewe brings his motion for sanctions pursuant to Rule 37(b)(2)(A) for plaintiffs' alleged violation of the Court's January 24, 2022 Order. ECF 86 at 1. Schewe served his First Set of Interrogatories and Requests to Produce on September 24, 2021. *Id.* at 2. On October 25, 2021, plaintiffs served their responses. *Id.* Counsel for plaintiffs and Schewe held a meet and confer conference on December 10, 2021 to discuss plaintiffs' responses to a number of requests to produce that Schewe believed to be deficient for various reasons. *Id.* Among these responses, Schewe identified Request to Produce Number 9 which "sought communications amongst Plaintiffs, and with third-parties, related to Schewe's alleged conduct and various other matters alleged in Plaintiffs' complaint." *Id.* Counsel for plaintiffs represented at the meet and confer that plaintiffs "were searching for, and would produce, additional responsive documents, but he did not anticipate substantially more documents from Plaintiffs" and would advise Schewe's counsel of further responsive documents by January 14, 2022. *Id.* at 3; *see* ECF 75 at ¶ 2.

    After not being advised of further responsive documents and not receiving supplemental document production, Schewe filed a motion to compel on January 17, 2022. ECF 86 at 3-4; *see* ECF 75. In his motion, with respect to Request to Produce Number 9, Schewe argued "Plaintiffs produced a Facebook group chat with each other, but only produced limited, selective direct text communications between [plaintiffs] Malone and O'Callaghan." ECF 75 at ¶ 9. At a January 21, 2022 meet and confer conference, counsel for plaintiffs and Schewe "specifically discussed direct

communications between Plaintiffs, including text messages and e-mails… [and] counsel for plaintiffs… represented… that Plaintiffs maintained they did not possess further meaningful documents, but would search for, and produce, any additional responsive material… by February 1, 2022." ECF 86 at 4. On January 24, 2022, after hearing progress of the meet and confer conference and a way forward for resolving issues in Schewe's motion to compel, we denied Schewe's motion to compel as premature and adopted parties' agreement, ordering the following: "Plaintiffs produced supplemental production, and to the extent additional documents are needed, they will be produced by 2/1/2022." ECF 79. Despite not having produced supplemental production regarding communication between plaintiffs prior to the start of plaintiffs' depositions which took place February 8, 2022 to February 18, 2022,[1] plaintiffs belatedly produced 7,108 pages of communications and works between February 15, 2022 and February 21, 2022.[2] ECF 86 at 15, 17; ECF 84 at 2.

Defendant UIC joined Schewe's motion for Sanctions supplementing Schewe's motion with additional context specifically on plaintiffs' production of documents on February 17, 2022 which included "a series of text messages sent on February 8, 9, 11, 14, 15, and 16 – all days that Plaintiffs were being deposed… show[ing] that all six of the Plaintiffs were communicating via text message *during* their own depositions, regarding the substance of their testimony." ECF 88 at 2. In its motion, UIC focuses on the court imposing sanctions under Rule 30(d)(2) whereby "the court may impose an appropriate sanction – including the reasonable expenses and attorney's fees by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). UIC argues that plaintiffs' conduct "truly frustrated its effort to secure un-coached, individual testimony from each Plaintiff." ECF 88 at 7. UIC also claims that these communications exposed false statements under oath made by plaintiffs Veronica Shepp and Marlee Fry during their depositions. ECF 88 at 1.

Schewe requests this Court sanction plaintiffs and "order them to pay (i) all Defendants the costs associated with all Plaintiffs' past and future deposition sessions, (ii) the costs incurred by Defendants to obtain the late-produced documents, including those associated with Schewe's prior Motion to Compel, this Motion for Sanctions, and efforts by UIC" and to extend "the time permitted for completion of Plaintiffs' deposition by 2 hours." ECF 86 at 25. UIC requests that this Court "order each Plaintiff to bear Defendant Board of Trustees' fees and costs for their depositions and for bringing this motion." ECF 88 at 9.

---

[1] The depositions of plaintiffs took place on the following dates: Sarah Malone on February 8, Anne Kirkner on February 11, Marlee Fry on February 14, Veronica Shepp on February 15, Katherine Lorenz on February 16, and Erin O'Callaghan on February 18. ECF 88 at 1.

[2] More specifically, On February 15, 2022, following Plaintiff Shepp's deposition, "plaintiffs produced 2,767 pages of e-mail correspondence between themselves that was responsive to Schewe's Requests to Produce and the subject of his prior motion to compel." ECF 86 at 15. On February 16, 2022, "counsel for UIC sent correspondence to Plaintiffs' counsel… further request[ing] Plaintiffs supplement their document production 'to include phone, text, and social media communications between Plaintiffs'" responsive to Defendant UIC's document requests 15 and 17. *Id.* (quoting ECF 86, Exhibit A-4 at 2). UIC's document request 15 sought, "[a]ll documents and/or communications between or among Plaintiffs and/or any third parties concerning the University investigations into the Plaintiffs' complaints" and UIC's document request 17 sought, "[a]ll phone, text message, email, social media, and/or any other communications or documents between or among Plaintiffs between July 1, 2016 and September 19, 2019." ECF 86, Exhibit A-4 at 1. Then, "between February 16 and February 21, 2022, Plaintiffs produced an additional 4,341 pages of documents, comprised of Communications and Works that included hundreds of pages of text messages, which were the subject of Schewe's prior Motion to Compel." ECF 86 at 17.

**Discussion**

The Court will review the request for Rule 37(b)(2)(A) Sanctions and Rule 30(d)(2) Sanctions in turn.

Rule 37 empowers the Court to levy a variety of sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Under Rule 37(b)(2)(C) "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In their response brief, plaintiffs concede that "Plaintiffs did not turn over everything they should have by February 1, 2022, and thus did indeed run afoul of this Court's order." ECF 92 at 4-5. "Whether a party's failure to comply with the discovery rules is 'substantially justified' or 'harmless' is within the broad discretion of the district court." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Broad discretion also applies to "a finding that the imposition of sanctions would be 'unjust.'" *Id.* Substantially justified "has been said to be satisfied if there is a 'genuine dispute' … or if reasonable people could differ as to the appropriateness of the contested action," meaning "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). Plaintiffs bear the burden to establish their failure to comply with the January 24, 2022 order was substantially justified or the imposition of sanctions would be unjust. *See DR Distributors*, 513 F. Supp. 3d at 959 ("The party facing the sanctions (the non-complying party) bears the burden to establish that the failure was substantially justified or harmless or the imposition of sanctions would be unjust.") (citing *Salgado by Salgado v. Gen. Motors, Corp.* 150 F.3d 735, 742 (7th Cir. 1988)).

Plaintiffs argue that their "failure to comply with the February 1 deadline is substantially justified" because plaintiffs "are not lawyers and cannot be expected to understand the parameters of Fed. R. Civ. P. 26" so there is "no basis to infer purposeful withholding by the Plaintiffs," and they were just "debat[ing] the relevance of their communications and how much they [would] be required to turn over." ECF 92 at 8. This explanation does not demonstrate that the failure to comply with court order was substantially justified, it actually does quite the opposite. Debating the relevance of the information demonstrates plaintiffs' understanding of their obligation to provide these communications as part of the discovery process. Generally, the issue of relevance and discovery issues in general are better left for counsel to decide. Plaintiffs, all college-educated and seemingly sophisticated individuals, apparently kept their counsel uninformed on these key communications. Plaintiffs, at a minimum, should have made their counsel aware of these communications and allowed their attorneys to review and redact appropriately. Additionally, plaintiffs' attorneys are expected to understand the parameters of Rule 26 and to counsel their clients accordingly as to what is expected of them. Based on the circumstances presented here, an inadequate understanding due to plaintiffs not being lawyers is not a justified excuse for not complying with the court order.

3

Plaintiffs also argue that plaintiffs' "delay in turning over… all their emails and text messages to Schewe… should be seen as substantially justified within the meaning of the rule" under the circumstances of a sex discrimination case. ECF 92 at 9. While the Court is sympathetic to plaintiffs' position and concerns given the nature of the case, Plaintiffs have an obligation to timely produce discovery. *See generally* Fed. R. Civ. P. 26. Plaintiffs' counsel could have considered other options to address their clients' concerns such as filing a protective order designating attorneys' eyes only for internal communications between plaintiffs, seeking *in camera* review, or the like. Accordingly, the Court finds that plaintiffs' failure to produce discovery by February 1, 2022 in accordance with the Court's order on January 24, 2022 was not substantially justified.

Next, we turn to whether the award of attorneys' fees is unjust. This standard is a "rather flexible catch-all provision… [t]herefore, in determining whether sanctions are 'unjust,' courts may consider the nature of the offending party's discovery failures and the degree of prejudice and harm visited upon the prevailing party relative to the prevailing party's own abuses of the discovery process (if any)." *DR Distributors*, 513 F. Supp. 3d at 959-60 (internal citations omitted).

Here, plaintiffs failed to supplement discovery responses by February 1st, failing to comply with court order, and provided these supplemental responses, containing internal communications between plaintiffs, during the depositions instead. Schewe claims that as a result of this failure, defendants were harmed because they "did not have all relevant material necessary for a complete examination of Plaintiffs at their depositions … had to devote time during the depositions to uncover the existence of the Communications, contend with Plaintiffs' baseless objections, and will have to conduct future depositions." ECF 86 at 24. Furthermore, regarding strategy, Schewe argues plaintiffs' "late disclosures taint the entire deposition process… [whereby plaintiffs] will now have additional time to prepare for questions about matters raised by the new documents, [will be] more focused on that material, depriving Defendants of the spontaneity that is an important element of effective deposition examination, will benefit from having the experience of their prior examinations, and will now be more comfortable answering questions posed by Defendants' counsel." ECF 98 at 6.

Plaintiffs claim, "the most harm" that could have occurred is that plaintiffs "caused a delay in concluding the remaining hours of their depositions." ECF 92 at 9. Plaintiffs argue this delay in producing materials, while regrettable, "did not prejudice Defendants in any way, and if anything will slightly inconvenience *all* the parties by prompting a second round of depositions." *Id.* at 10, 12. Plaintiffs note that "Defendants do not quote any email, text message, or other document that was both: 1) withheld in violation of the court's order, and 2) pertinent in any way to the underlying claims or defenses in this case." *Id.* at 10.

Schewe's request to extend "the time permitted for completion of Plaintiffs' deposition by 2 hours… to permit [plaintiffs'] full examination on matters raised by the untimely production of documents," ECF 86 at 25, and plaintiffs' agreement to produce plaintiffs for an additional day of depositions and additional hours beyond the seven-hour limit set forth in Rule 30(d)(1) mitigates much of the harm imposed on defendants. Schewe's request for sanctions in the form of fees, however, is disproportionate to the harm caused by plaintiffs' discovery failure. The court

4

acknowledges there was harm done to defendants in having to devote time in the first round of depositions to uncovering the existence of responsive information, and thus imposition of sanctions would not be unjust, however, we must focus on making the defendants whole again. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994) (moving party "should be made whole – should be as well off as if the opponent had respected his legal rights in the first place").

Having plaintiffs pay defendants' costs associated with plaintiffs' past and future depositions and costs of Schewe's motion to compel that was denied as premature far exceed that needed to make defendants whole again and would overcompensate defendants. As plaintiffs explained, "time spent reviewing these additional documents and questioning Plaintiffs about them is time they would have spent anyway, no matter when the documents were produced…. [and] these depositions would have been taken anyway" with or without failing to adhere to the court order. Furthermore, the additional hours of depositions are not compensable, as this time presumably would have been needed had the plaintiffs produced documents by February 1, 2022.

To make defendants whole, and considering the nature of the discovery violations as detailed above, the Court orders plaintiffs to pay the costs incurred by Schewe and UIC associated with the filing of Schewe's motion for sanctions and reply brief, and UIC's joinder in the motion. *See Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 507 (7th Cir. 2016) ("Rule 37(a) sanctions 'should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly'"). The Court further orders plaintiffs to pay the appearance fee for court reporters at the additional depositions (not to include the costs of any transcripts ordered). The Court presumes counsel for UIC spent at least an hour over the course of all previous depositions to prepare questions and question plaintiffs to uncover the existence of communications in order to press plaintiffs to produce the supplemental disclosure.[3] The Court also acknowledges that UIC sent a letter to plaintiffs' counsel on February 16, 2022 requesting that plaintiffs "supplement [their] production of emails to include phone, text message, and social media communications between plaintiffs as requested in Document Requests No. 15 and 17." ECF 86, Exhibit A-4 at 2. Because this hour uncovering communications and time spent on the letter would not have been needed had plaintiffs provided the supplemental production by February 1, 2022, plaintiffs are ordered to pay both Schewe's attorneys' fees and UIC attorneys' fees for one hour on previous depositions.[4] Plaintiffs are also ordered to pay UIC attorneys' fees for reasonable time spent on the letter. Any harm to defendants based on their deposition strategy being disclosed is a collateral consequence in all cases which require an additional deposition but awarding attorneys' fees will not remedy that harm or make Schewe or UIC whole.

---

[3] The Court will ask defendants for appropriate fee petitions and for plaintiffs to respond. If defendants disagree with the accuracy of the Court's presumption that UIC spent one hour preparing questions and questioning plaintiffs on the existence of documents pertaining to their internal communications, defendants shall explain their positions in the fee petitions and plaintiffs shall respond in their brief.

[4] In their response brief, Plaintiffs state, "One could credibly argue that it took perhaps as much as an hour to get to the bottom of what documents were missing from discovery, but Defendants do not make that argument; they simply want *all* the costs." ECF 92 at 10. The Court presumes that one hour is reasonable, but as explained *infra*, each side will be able to raise any objections to this "ballpark estimate." Further, because both sets of defense counsel were forced to sit through unnecessary deposition questioning, both sets of defendants should be made whole for the time wasted.

With regard to defendant UIC's joinder in motion for sanctions (ECF 88), Rule 30(d)(2) provides "the court may impose an appropriate sanction – including the reasonable expenses and attorney's fees by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). UIC seeks sanctions "on the conduct that truly frustrated its effort to secure un-coached, individual testimony from each Plaintiff." ECF 88 at 7. UIC claims plaintiffs frustrated UIC's "fair examinations by coaching each other during testimony, while they were under oath… [and argue] it is impossible to recreate what would have occurred during the depositions had plaintiffs testified solely according to their own memories[.]" *Id.* at 9. Schewe also argues that plaintiffs "texting with one another about substantive matters during depositions compromised the earlier proceedings, which are based on the premise that a witness testifies in real-time based on his or her individual recollection." ECF 98 at 6. The Court agrees that the harm here is the degradation of truthfulness in the deposition process. However, defendants have access to the communications between plaintiffs that occurred during the first round of depositions and can ask follow-up questions on similar topics plaintiffs briefly discussed with each other now at the second round of plaintiffs' depositions. While the element of spontaneity will be removed at the second deposition, defendants can be more secure that they are receiving truthful unfiltered responses. This Court determines that the appropriate sanction here, apart from additional time for a second deposition as agreed by parties, is no more than already stated above to have plaintiffs pay reasonable expenses for UIC's joinder in motion and to pay the appearance fee for court reporters at additional depositions.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part the defendants' motions for sanction [86, 88]. In conclusion, by agreement, the plaintiffs will sit for depositions again, up to a total of nine hours. *Compare* Rule 30(d)(1). The Court has determined, that to make Schewe and UIC whole under Rules 37(b)(2)(A) and 30(d)(2), the fee award includes reasonable time associated with the filing of Schewe's motion for sanctions and reply brief and UIC's joinder in motion. Additionally, plaintiffs will pay the appearance fee for court reporters at additional depositions, one hour of attorneys' fees to both defendants for time spent in the first round of depositions uncovering the existence of plaintiffs' communications, and attorneys' fees to UIC for reasonable time spent on the February 16, 2022 letter requesting supplemental production. Defendants shall each submit a fee petition within 14-days of the final "second round" deposition. Plaintiffs shall file any objection to these fee petitions within 21-days of the final "second round" deposition. The Court will rule on the fee petition by mail. The Court notes that these sanctions are unfortunate given the nature of the litigation and the risk that such sanctions are erroneously perceived as a disincentive for individuals to pursue these cases. However, these sanctions are necessary to preserve the integrity of the civil justice system.

**SO ORDERED.**  **ENTERED:** June 7, 2022

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**