# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIN O'CALLAGHAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 19 C 06271 |
| v. ) | |
| ) | Magistrate Judge M. David Weisman |
| THE BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

The case is before the Court on Defendant Paul Schewe's Motion to Compel [107]. For the reasons set forth below, the Court grants in part and denies in part the motion. Plaintiffs are ordered to produce unredacted communications, as described below, to defendants within seven days, up to and including July 28, 2022.

### Discussion

Defendant Schewe "moves for the entry of an Order, permitting *in camera* inspection and compelling Plaintiffs to produce unredacted communications withheld on the grounds of a common interest protection." ECF 107 at 1. After reviewing the privilege logs, redacted communications, and arguments from both sides (ECF 107, 110, and 114), the Court determined that the unique nature of the text communications and complexity of the asserted privilege, which plaintiffs described as common interest privilege but may more accurately be termed joint lawyer doctrine, warranted in camera inspection. *See United States ex rel. McGee v. IBM Corp.*, No. 11 C 3482, 2017 WL 1232616, at *3 (N.D. Ill. Apr. 4, 2017) ("A court has discretion when and whether to conduct an *in camera* review."); *Washtenaw Cnty. Employees' Ret. Sys. V. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *3 (N.D. Ill. July 14, 2020) ("*in camera* review is more critical before compelled disclosure, so courts might make sure that the disclosed materials truly are not privileged"). Pursuant to the Court's order (ECF 120), plaintiffs produced unredacted documents to the Court on June 23, 2022 for the Court to determine whether privilege applies to the redacted communications or whether plaintiffs must produce unredacted documents to defendants.

Plaintiffs assert that the redacted communications at issue in Defendant Schewe's motion are protected on the basis of the common interest privilege. *See* ECF 107, Exhibits 1, 3, 4, 5; ECF 110 at 3. The common interest doctrine, however, "generally involves individuals represented by separate counsel, not, as here, by the same lawyer." *McCullough v. Fraternal Ord. of Police, Chicago Lodge 7*, 304 F.R.D. 232, 239 (N.D. Ill. 2014) (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 365-66 (3d Cir. 2007)). It "serves to protect the confidentiality of communications

passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *Id.* (internal citations omitted). Just like the common interest doctrine was not applicable in *McCullough*, in part because "there [was] only one lawyer, not multiple lawyers," the same is true here as all the plaintiffs are all represented by the same lawyers rather than each plaintiff having her own attorney to represent her. *Id.* at 241.

As the Court in *McCullough* cautions, "the joint lawyer and the 'common interest' doctrines are distinct." *Id.* at 237. Comparatively, "[u]nder the joint lawyer doctrine, when two or more persons each having an interest in some problem, or situation, jointly consult an attorney, they necessarily agree to share all information related to the matter of common interest with each other. Thus, their *otherwise privileged communications* with the attorney –i.e. those that qualify as privileged under the attorney/client privilege—though known to each other, will be privileged as to outsiders, but not *inter se*." *Id.* at 238 (internal citations omitted). All co-plaintiffs share identical legal interests in this case and have accordingly employed the same attorneys to represent them. Thus, instead of the common interest doctrine, the Court understands plaintiffs to be arguing that the privilege that applies to the communications at issue here is the related, oftentimes confused doctrine – the joint lawyer doctrine.

After reviewing the unredacted communications *in camera*, the Court notes the following common issues surrounding the communications that are not protected by the joint lawyer doctrine, and thus, must be produced to defendants. The communications do not convey legal advice and an attorney is not at all involved in the communications. These communications are not otherwise privileged communications pursuant to the attorney/client privilege, and therefore, these disjointed communications solely amongst the plaintiffs are not privileged under the joint lawyer doctrine. Therefore, these communications must be disclosed to the defendants.

The remaining communications are protected by the criteria above pursuant to the joint lawyer doctrine. They consist of communications related to the lawsuit, the matter of common interest, protected by the attorney/client privilege and shared amongst each other. Thus, these communications are privileged as to outsiders, but not amongst each other. For the purposes of defendant's motion, they are protected, and will therefore, not be released to the defendants.

Some documents contain a mixture of communications that are privileged and those that are not. Accordingly, these documents are listed below according to Bates Number along with the lines of text that are not privileged and must be disclosed. Plaintiffs are ordered to remove the identified redactions below (including the associated date stamps, phone numbers, and names of the senders and receivers) and to maintain the appropriately privileged redactions before producing these documents to defendants.

**Privileged pursuant to the joint lawyer doctrine (These documents may remain redacted.):**

- 8812-8814
- 8815
- 8846
- 8847

- 8928
- 8931
- 9234
- 9334
- 27280
- 27281
- 27286
- 27299
- 29198

**Not Privileged (These documents must be disclosed to defendants.):**

- 8865
- 8886
- 8891
- 8923
- 8932
- 9508-9514
- 21564-21565
- 21566

**Mixed (The portions of text identified below must be disclosed to defendants. All other text may remain redacted):**

- 8836
    - Oh also did Michael tell anyone what to expect after all these are finished?
    - No.
    - Did he tell you?
    - I haven't talked to him yet, I plan to ask

- 8849-8850

    - 8849:
        - You're gonna not Be happy when you see the email Annie just sent us
        - Omg what
        - Okay I will email back and ask how to get those
        - Yeah what's the best way to do that? I'm happy to dump hundreds of pages to them but like how do we actually do that?

    - 8850:
        - Yes agree
        - And what about group messages with people? Like veronica and I are on several group chats with people not related to this case
        - Oh my god

3

- What a headache
- Again like they want to look through all the dumb shit I say to y'all everyday of my life I do not care. I just don't want to compile anything
- Their lawyers! Wow
- That would be great

- 8852-8856

    - 8852:
        - Im doing 7/31/19-present
        - I'm mostly trying to figure out how to get text messages
        - Ya same
        - I am forwarding them as attachments
        - That's been easiest
        - Like I already forwarded all my emails with Anne on my uic account since 7-31-19
        - They can do that for me lol I did it the fastest way I know how

    - 8853:
        - Im doing 7/31/19-present
        - But they want before too
        - What? Idk how to even do that
        - Then what is the point of saying that date
        - I didn't realize
        - What the fuuuuuck
        - I'm going to open my text messages on my laptop and just send this thread
        - Thank you
        - Idk how to even do that
        - We can't do that since we don't have macs Kathy
        - I don't actually know yet how to do it lol
        - So how do we get our messages?

    - 8854: All not privileged

    - 8855: All not privileged

    - 8856:
        - We need the tech guy
        - I got to the beginning of this group chat on my laptop. But when I go to print it only does like 8 pages which is a small fraction of the messages.
        - Yeah but where? How? I need that tech guy. Or maybe I'll just ask Verizon.

- 8924-8925

    - 8924

- It's not clear to me what they need exactly
- He called you?
- Yes
- Yesterday and today

- 8925:
    - We have given them everything.

- 9335-9336

    - 9335:
        - Me: That's good about the declaration. I was hoping Michael would handle it. We have that list of contacts we sent for discovery so that's a good starting point

    - 9336:
        - Me: Defamation suits rarely succeed and Michael is a good lawyer so we should try not to worry too much about that

- 9488
    - Erin O'Callaghan: Okay. Do you want to email that stuff to him, do you have time today? And also the screenshots since I forgot

- 9504-9506

    - 9504:
        - Erin O'Callaghan: What Susanna is describing to me is not something that can be done in one evening. So idk what's happening
        - Me: Yikes
        - Me: Do you guys want to do a Google doc or have a call to brainstorm? That's a lot of information to recall in a limited amount of time
        - Anne Kirkner: A lot of that is already in the Title IX reports so we can just copy paste that over. I wonder if I should give them my roommates contact info whom I talked to after going on the boat.
        - Me: Yes I think you should Anne
        - Erin O'Callaghan: I should probably include Amanda since I told her like two days after it happened

    - 9505:
        - Erin O'Callaghan: I definitely do not have those texts anymore
        - Erin O'Callaghan: I have just told a lot of people, but they can't corroborate anything per say other than that this happened and I reported it
        - Erin O'Callaghan: Now whether or not that's relevant idk
        - Me: I'm available to talk in an hour or so if anyone wants to think out loud
        - Erin O'Callaghan: I am too
        - Veronica Shepp: Yeah, I can too.

5

- 9506:
    - Anne Kirkner: I feel like Beth or Natalie told us…or maybe someone else? But we can include Caryn Bills as someone they should contact for discovery. Maybe theres récord of that decision.
    - Erin O'Callaghan: Fuck you're right. Oh I'm including her

- 9516-9521
    - 9516: All privileged
    - 9517: All not privileged
    - 9518: All privileged
    - 9519: All privileged
    - 9520: All not privileged
    - 9521: All not privileged

- 21563
    - But it's also really interesting that it's no longer a debate as to whether Paul was in the wrong it's just a matter of who is responsible

## Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendant Paul Schewe's Motion to Compel [107]. Within seven days, up to and including July 28, 2022, plaintiffs are ordered to produce to defendants the communications, or portions of communications as noted above, that are not protected under the common interest privilege nor joint lawyer doctrine.

SO ORDERED.    ENTERED:    July 21, 2022

**M. David Weisman**
**United States Magistrate Judge**

6