IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN O'CALLAGHAN, VERONICA SHEPP, KATHERINE LORENZ, ANNE KIRKNER, SARAH MALONE, and MARLEE FRY,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, UNIVERSITY OF ILLINOIS at CHICAGO, PAUL SCHEWE,<br><br>Defendants. | No. 19 C 06271<br><br>Judge John J. Tharp, Jr. |

**ORDER**

For the reasons set forth in the Statement below, the plaintiffs' objections [197] to the defendants' bills of costs are denied. Costs are awarded to defendant Schewe equaling $12,242.20 and costs to defendant UIC equaling $20,905.39. In addition, the plaintiffs are ordered to pay the sanctions entered against the plaintiffs on 10/17/22 [132] in the amount of $6,300.00 as to defendant Paul Schewe and $7,974.50 as to defendant UIC. The sanctions and costs imposed shall now be immediately due and payable.

**STATEMENT**

During the discovery phase of this litigation, Magistrate Judge Weisman awarded $6,300 in attorneys' fees and costs to defendant Paul Schewe and $7,974.50 in attorneys' fees and costs to defendant University of Illinois at Chicago (UIC) as a sanction for the plaintiffs' discovery violations. *See* Sanctions Order, ECF No. 117; Order Granting Petition for Attorneys' Fees ("Fee Order"), ECF No. 133. After final judgment, UIC submitted a bill of costs for an additional $20,905.39, *see* ECF No. 190-1, and Schewe submitted a bill of costs for an additional $12,242.20, *see* ECF No. 192. Plaintiffs object to the costs on the grounds of indigency, prematurity (as to Schewe), and public policy. *See* Pls.' Objection to Defs.' Bills of Costs, ECF No. 197. During a status hearing held 8/12/25, the plaintiffs also sought relief from the sanctions order on similar grounds.

The plaintiffs' oral motion for relief from the sanctions award is denied. In issuing that award, the magistrate judge took care, over the course of two meticulous and fully briefed opinions, to ensure that the amount was calibrated to reflect the plaintiffs' misconduct and appropriately

compensate the defendants pursuant to Rule 37(b)(2)(A). The magistrate judge also took into account the same policy and indigency arguments the plaintiffs now continue to press, opting to stay enforcement of the award until a later time in order to "mitigate the financial impact" of the award. Fee Order 7. Now, after nearly three years of extensive discovery, summary judgment briefing, final judgment, and an abandoned appeal, that time has come. Plaintiff provides no unique or compelling reasons to reduce, reverse, or delay the sanctions award at this late juncture. It will be enforced in full.

The plaintiffs also provide no persuasive reason to reduce, deny, or delay collection of the defendants' bills of costs. Rule 54(d)(1) establishes "a presumption that the losing party will pay costs." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). While district courts have discretion to deny costs based on a plaintiff's indigency, that exception "is a narrow one." *Id.* at 636. The Court must first "make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding . . . in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* (quotation marks omitted). In any case, "indigence does not automatically excuse the losing party from paying the prevailing party's costs," and the Court must also consider such factors as the amount of costs, the parties' good faith, and the closeness and difficulty of the issues. *Id.*

The plaintiffs have failed to adequately establish that they are "incapable of paying the court-imposed costs." *Id.* Affidavits purporting to establish indigency fall short of demonstrating a categorical inability to afford the costs. Some plaintiffs report upwards of $70,000.00 in annual income (Lorenz's income exceeds six figures). Others report substantially lower earnings but still do not provide any information regarding projected earnings, assets—either liquid or nonfungible—or expenses beyond rent and utilities. Nor does any plaintiff support the conclusory assertion that they "do not have the funds to afford th[e] cost" with a more detailed budgetary explanation. That is insufficient to rebut the presumption that costs should be awarded under Rule 54 and 28 U.S.C. § 1920.

The plaintiffs' policy arguments are also not dispositive. The persuasiveness of plaintiffs' underlying concern regarding the need to avoid deterring claims of sexual assault and harassment does not provide license to rewrite 28 U.S.C. § 1920, a provision that allows no exception to the cost requirement based on the nature of the case. Congress has not seen fit to carve out such exceptions from § 1920, and it is not this Court's place to do so in its stead.

Finally, plaintiff O'Callaghan's argument that defendant Schewe's bill of costs is premature fails. While state-law claims continue to be litigated in Cook County, that does not change the fact that all federal claims have been decided, and final judgment on those claims has

been entered, in Schewe's favor. *See* Judgment Order, ECF No. 189. The taxing of costs is therefore appropriate and timely under Rule 54.

\*      \*      \*

The Court reaffirms the discovery sanction entered against the plaintiffs in the amount of $6,300.00 as to defendant Paul Schewe and $7,974.50 as to defendant UIC, which amount shall now be immediately due and payable. In addition, the Court orders the plaintiffs to pay costs to defendant Schewe equaling $12,242.20 and costs to defendant UIC equaling $20,905.39, which amount shall also now be immediately due and payable.

Date: June 20, 2020

John J. Tharp, Jr.
United States District Judge